COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Felton, Judge Kelsey and Senior Judge Bumgardner
Argued at Richmond, Virginia


KEITH LAMONTE HILL, S/K/A
  KEITH LAMONT HILL

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1541-12-3                JUDGE RUDOLPH BUMGARDNER, III
                                                        OCTOBER 29, 2013

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                              F. Patrick Yeatts, Judge

                E. Gordon Peters, Jr., for appellant.

                Virginia B. Theisen, Senior Assistant Attorney General (Kenneth T.
                Cuccinelli, II, Attorney General, on brief), for appellee.


        Keith Lamonte Hill appeals his convictions of felony destruction of property, Code

§ 18.2-137, and two counts of attempted burglary, Code §§ 18.2-26, 18.2-91.  He contends the trial

court erred by denying his motion to suppress evidence obtained after the police had attached a

global positioning system device (GPS) to his car.  We determine that this Court has decided the

issues the defendant raises based on the same facts that arose from a single search.  Accordingly, we

affirm these convictions.

        The defendant committed a series of breakings and enterings in Botetourt, Campbell, and

Franklin Counties and the City of Lynchburg.  Each of the crimes had a similar *modus operandi*.

Entry into businesses was obtained by breaching exterior walls, but nothing was taken except

large quantities of cigarettes.

--------

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

By coordinated efforts among the various jurisdictions, the investigation identified the defendant and focused on him. The sheriff's office in Botetourt County was able to compare surveillance videos from businesses there with the defendant's photograph on his operator's license. They matched, and the DMV data provided the defendant's current address in Bedford. At that address, the deputies located the defendant's car which had been linked to the attempted break-ins in Botetourt County.

Based on the identification they developed during the investigation, Botetourt County deputies decided to place a GPS device on the defendant's car. They consulted with the Commonwealth's Attorney, who advised that a search warrant was not necessary. At the time, the controlling precedent was Foltz v. Commonwealth, 57 Va. App. 68, 698 S.E.2d 281 (2010), which specifically held placement of a GPS device on a vehicle was neither a search nor a seizure.[1] The deputies placed a device on the defendant's vehicle on September 16, 2010 where it remained until the defendant was arrested on September 27, 2010.

In the meantime, Campbell County authorities were investigating similar offenses. In mid-September they compared surveillance videos from break-ins in Campbell County with those from Botetourt County and concluded the defendant was shown in both sets of recordings.

Law enforcement authorities from six jurisdictions scheduled a meeting for September 27, 2010 to discuss the related cases. However, on the day of the meeting, a break-in occurred in the early morning at a Food Lion store in Campbell County and cigarettes were stolen. The GPS device on the defendant's car showed that it had been in the Food Lion parking lot early that same morning.

---

[1] The panel decision was rendered September 7, 2010. The mandate of that opinion was stayed September 23, 2010, and the case was affirmed on different grounds April 5, 2011. See Foltz v. Commonwealth, 58 Va. App. 107, 114, 706 S.E.2d 914, 918 (2011) (*en banc*), aff'd on other grounds, 284 Va. 467, 732 S.E.2d 4 (2012).

The police had begun the process of securing a search warrant when an officer going to the meeting about the cases drove past the defendant's house in Bedford. He saw the defendant's car, which was parked on the street in front of the residence, and he observed items piled up in the backseat but covered over. Shortly afterward, the defendant came out of the house, got in the car, and drove off. He was stopped and arrested. After being advised of his rights, the defendant admitted committing the offenses in the various jurisdictions including those in Lynchburg.

At a suppression hearing for the Lynchburg charges, the trial court ruled that placement of the GPS device on the defendant's car was a search and was unreasonable. The definitive decision of United States v. Jones, 132 S. Ct. 945 (2012), had been issued by then. However, the trial court did not suppress the evidence because it ruled the "good faith" exception applied. The defendant appeals his convictions arguing the trial court erred in admitting evidence obtained after his arrest.

The defendant has previously appealed his convictions in Franklin County of two counts of grand larceny. In that appeal, the defendant raised nearly identical issues arising from the placement of the GPS device. Hill v. Commonwealth, No. 1828-11-3, 2012 Va. App. LEXIS 318 (Va. Ct. App. Oct. 9, 2012), held that the Franklin County Circuit Court did not err by denying the motion to suppress because the evidence was obtained from independent sources and provided probable cause to arrest the defendant and search his vehicle. The decision by the previous panel of this Court is compelling. Where the applicable facts are the same and the issues raised and addressed in the decision are the same, indeed where even the defendant is the same, the judgment should be the same.

Furthermore, in this case the trial court specifically acknowledged that although the warrantless placement of the GPS device on the defendant's car was an unreasonable search the

exclusionary rule did not apply. The trial court found the police reasonably relied upon the binding appellate precedent in effect at the time of the search and ruled it did "not find any deterrent effect would be accomplished by excluding the evidence in this case."

We agree. "Evidence obtained during a search conducted in reasonable reliance on binding precedent is not subject to the exclusionary rule." Davis v. United States, 131 S. Ct. 2419, 2429 (2011); see also United States v. Davis, 690 F.3d 226, 251-57 (4th Cir. 2012). Accordingly, we affirm.

Affirmed.