UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Chafin and Senior Judge Bumgardner
Argued by teleconference

CARLUN FONTAINE HART

v.       Record No. 2074-15-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE RANDOLPH A. BEALES
MAY 2, 2017

UPON A REHEARING

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
C. Peter Tench, Judge

Barbara E. Rosenblatt, Assistant Public Defender, for appellant.

Leah A. Darron, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

On December 6, 2016, this Court reversed appellant's conviction for assault and battery because the trial court explicitly based its finding of guilt upon written statements allegedly made by a witness although those alleged statements were never admitted at trial. Hart v. Commonwealth, No. 2074-15-1, 2016 Va. App. LEXIS 335 (Va. Ct. App. Dec. 6, 2016). On December 15, 2016, nine days after the panel's opinion was released, the Supreme Court issued its opinion in Commonwealth v. Lambert, 292 Va. 748, 793 S.E.2d 805 (2016), in which the Supreme Court reversed this Court. The Commonwealth then filed a petition for rehearing in this matter. The panel granted a rehearing on this appeal and stayed the mandate. On rehearing, in light of the Supreme Court's holding in Lambert, this Court now affirms the circuit court.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

ANALYSIS

Because this memorandum opinion carries no precedential value, we recite only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

Appellant challenges his conviction by asserting that he had acted within the exceptions to assault and battery provided in Code § 18.2-57(G).[1] In Lambert, a special education teacher was convicted in a bench trial of assault and battery of a special needs student in violation of Code § 18.2-57. The trial court in Lambert found that the Code § 18.2-57(G) exception to assault and battery for school personnel was inapplicable to the facts of the case for two separate reasons. First, the trial court found that Lambert's actions fell outside the scope of her employment because her actions did not comport with what the school board had previously determined to be appropriate conduct in that situation. Id. at 755, 793 S.E.2d at 808. The trial

---

[1] Code § 18.2-57(G) states:

"Simple assault" or "assault and battery" shall not be construed to include the use of, by any school security officer or full-time or part-time employee of any public or private elementary or secondary school while acting in the course and scope of his official capacity, any of the following: (i) incidental, minor or reasonable physical contact or other actions designed to maintain order and control; (ii) reasonable and necessary force to quell a disturbance or remove a student from the scene of a disturbance that threatens physical injury to persons or damage to property; (iii) reasonable and necessary force to prevent a student from inflicting physical harm on himself; (iv) reasonable and necessary force for self-defense or the defense of others; or (v) reasonable and necessary force to obtain possession of weapons or other dangerous objects or controlled substances or associated paraphernalia that are upon the person of the student or within his control.
In determining whether a person was acting within the exceptions provided in this subsection, due deference shall be given to reasonable judgments that were made by a school security officer or full-time or part-time employee of any public or private elementary or secondary school at the time of the event.

court then articulated a second, alternative holding. Recognizing the due deference to be given to school personnel under the Code § 18.2-57(G) exception, the trial court found that, even if it accepted Lambert's version of the events, Lambert's physical contact with the student was "neither incidental, nor minor, nor reasonable contact designed to maintain order or control." Id. at 754, 793 S.E.2d at 807.

When Lambert appealed her conviction to the Court of Appeals, this Court reversed the conviction and remanded the matter for a new trial. Lambert v. Commonwealth, 65 Va. App. 682, 691, 779 S.E.2d 871, 875 (2015). However, on December 15, 2016, the Supreme Court reversed the Court of Appeals, finding that this Court "did not give sufficient consideration to the trial court's alternative holding – the 'objective' ruling that, even under Lambert's version of the facts, Lambert's response to [the student] was still 'unreasonable' and exceeded the physical contact permitted by school personnel under Code § 18.2-57(G)(i)." Lambert, 292 Va. at 759, 793 S.E.2d at 810. The Supreme Court noted that the trial court found that "even if there were a 'reasonable reason for Ms. Lambert to be disciplining, directing [or] instructing' [the student], Lambert's actions nonetheless constituted an 'unreasonable response to the level of disobedience that is alleged.'" Id. The Supreme Court held that this particular finding by the trial court was supported by the evidence, and, therefore, the Supreme Court affirmed appellant's conviction under Code § 18.2-57.

Much like in Lambert, the trial court in this matter made two findings in support of appellant's conviction for assault and battery. At the time of finding appellant guilty, the trial court explicitly stated that it had relied on certain alleged statements as evidence – which were, in fact, not admitted into the record at trial – stating, "I note one of the teachers indicating the pushing into the machine. I think that constitutes an assault. I do find you are guilty as charged in Indictment 01513-15, the assault and battery." This Court reversed the trial court because

those alleged statements on which the trial judge relied were never admitted as evidence at trial, and the teacher who allegedly wrote them testified quite differently at trial that she never saw appellant push the child into the refrigerator in the teacher's lounge – only "put him next to the refrigerator." However, the trial court also articulated what is essentially a *second* finding on which it could base its conviction in that it stated that it believed the child ("D.W."). In announcing its finding of guilt, the trial court also stated, "I find the totality of the actions and testimony of the young man – I do believe the young man."

As the Supreme Court made clear in Lambert, "[t]he appellate court has the duty to review the evidence that tends to support the conviction and to uphold the circuit court's judgment unless it is plainly wrong or without evidence to support it." Id. at 757, 793 S.E.2d at 809. See also Velazquez v. Commonwealth, 292 Va. 603, 617, 791 S.E.2d 556, 562 (2016) (affirming the trial court where the trial court's alternative holding was fully supported by evidence in the record). In this matter, the trial court essentially appeared to make an alternative finding that appellant's actions were unreasonable and excessive based upon the fact that it believed D.W.'s testimony. At trial, as part of his testimony, D.W. testified that appellant had punched him in the chest, and stated at least three separate times in his testimony that appellant had punched him.[2] The trial court, prior to announcing its finding of guilt, specifically credited its belief in the overall testimony of D.W., stating that it "believe[d] the young man." Viewing this evidence in the light most favorable to the Commonwealth, as we must since the Commonwealth prevailed at trial, we find that the trial court's alternative factual basis for convicting appellant of assault and battery was supported by the child's testimony that appellant punched him.

---

[2] At trial, photographs of bruising on D.W.'s upper chest area appeared to corroborate D.W.'s testimony that appellant had punched him in the chest.

CONCLUSION

In short, the trial judge's alternative factual finding that he believed D.W.'s testimony was a separate alternative basis for the conviction.  Furthermore, his implicit finding that appellant's actions were unreasonable and excessive was supported by evidence – specifically, the child's testimony that appellant punched him in the chest.  Based on that testimony, which was apparently found credible by the trial judge when he said, "I do believe the young man," we cannot say that no rational trier of fact could have found that appellant's actions here were excessive and unreasonable.  Consequently, given this alternative finding by the trial court and the Supreme Court's recent decision reversing this Court in Lambert, we now vacate our earlier decision and affirm appellant's conviction for assault and battery in violation of Code § 18.2-57.

Affirmed.

# *VIRGINIA:*

*In the Court of Appeals of Virginia on* **Tuesday** *the* **17th** *day of* **January, 2017**.

Carlun Fontaine Hart,                                                                                    Appellant,

against                    Record No. 2074-15-1
                               Circuit Court No. CR15001513-00

Commonwealth of Virginia,                                                              Appellee.

Upon a Petition for Rehearing

Before Judges Beales, Chafin and Senior Judge Bumgardner

On December 19, 2016 came the Commonwealth, by the Attorney General of Virginia, and filed a petition praying that the Court set aside the judgment rendered herein on December 6, 2016, and grant a rehearing thereof.

On consideration whereof, the petition for rehearing is granted by the panel, the mandate entered herein on December 6, 2016 is stayed pending the decision of the Court, and the appeal is reinstated on the docket of this Court.

The parties hereby are directed to be prepared to address at oral argument of this case before a panel of judges of this Court the effect on this case of the decision of the Supreme Court of Virginia in Commonwealth of Virginia v. Heather Hogston Lambert, Record No. 160132, 2016 Va. Lexis 189 (Va. Dec. 15, 2016).

Pursuant to Rule 5A:35(a), the respondent Hart shall file an answering brief within 21 days of the date of entry of this order. An electronic version of the brief shall be filed with the Court and served on opposing counsel.[1] In addition, four printed copies of the answering brief shall be filed.

A Copy,
Teste:

Cynthia L. McCoy, Clerk

*original order signed by a deputy clerk of the*
By:    *Court of Appeals of Virginia at the direction*
       *of the Court*

Deputy Clerk

---

[1] The guidelines for filing electronic briefs can be found at www.courts.state.va.us/online/vaces/resources/guidelines.pdf.

Present: Judges Beales, Chafin and Senior Judge Bumgardner
Argued at Chesapeake, Virginia

UNPUBLISHED

CARLUN FONTAINE HART

v.      Record No. 2074-15-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE RANDOLPH A. BEALES
DECEMBER 6, 2016

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
C. Peter Tench, Judge

Barbara E. Rosenblatt, Assistant Public Defender, for appellant.

Leah A. Darron, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Carlun Fontaine Hart ("appellant") was convicted in a bench trial of misdemeanor assault

and battery in violation of Code § 18.2-57.[1] The circuit court sentenced appellant to twelve

months in jail, and then suspended all twelve months of his sentence. Appellant challenges the

sufficiency of the evidence in support of that conviction by arguing that the circuit court "erred

by finding that Hart assaulted and battered [D.W.] because Hart was acting in his capacity as a

'school security officer' as defined in § 18.2-57(F)."

ANALYSIS

Because this memorandum opinion carries no precedential value, we recite only those

facts and incidents of the proceedings as are necessary to the parties' understanding of the

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was also charged with one count of cruelty and injury to a child in violation
of Code § 40.1-103. At the conclusion of the Commonwealth's evidence, the circuit court
granted appellant's motion to strike the evidence as to that charge.

disposition of this appeal. We consider the evidence on appeal "in the light most favorable to the Commonwealth, as we must since it was the prevailing party" in the circuit court. Beasley v. Commonwealth, 60 Va. App. 381, 391, 728 S.E.2d 499, 504 (2012) (quoting Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004)).

Appellant contends that the evidence was insufficient to prove that he committed an assault and battery against D.W. The evidence at trial established that appellant was employed at the Achievable Dream Academy in Newport News as a "student coordinator." Among his duties, appellant helped resolve discipline issues with the students. At the conclusion of appellant's bench trial, the trial judge plainly found as fact that appellant pushed D.W. into a refrigerator in the teachers' lounge. The trial judge stated from the bench that appellant's pushing of D.W. into the refrigerator served as *the basis for appellant's conviction for assault and battery*. ("I note one of the teachers indicating the pushing into the machine. *I think that constitutes an assault*. I do find you are guilty as charged in Indictment 01513-15, the assault and battery." (emphasis added)). Under settled law, a trial court's finding of fact will be disturbed only if it was plainly wrong or without evidence to support it. Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002). Although we are mindful of this deferential standard of appellate review, we conclude that the circuit court's factual conclusion that appellant pushed D.W. into a refrigerator was plainly wrong based upon our review of the record before us.

The factual determination that appellant pushed D.W. into a refrigerator is contrary to the evidence and the testimony of the witnesses at trial. Paula Francis, a teacher at the Achievable Dream Academy, testified that she was standing at the door of the teachers' lounge when she witnessed appellant leading D.W. out of the cafeteria. She noticed that appellant's hand was on D.W.'s elbow. Francis testified, "After they came into the teacher's lounge, I didn't see Mr. Hart with his hands on him." She also clarified a prior statement she had made in writing after the

incident, by testifying that she saw appellant "put [D.W.] next to the refrigerator." In that prior written statement, Francis had allegedly stated that she had seen appellant push D.W. into a refrigerator. However, Francis's prior written statement was never admitted into evidence and is not contained in the record on appeal. Francis never testified at trial that she ever saw appellant push D.W. into a refrigerator (or a machine) in the teachers' lounge. In fact, her only admitted testimony contradicts the circuit court's finding of fact on which the circuit court specifically based its finding of guilt. She testified that appellant's hand was on D.W.'s elbow as appellant "brought [D.W]. into the teachers' lounge" and "put him next to the refrigerator."

Charlotte Bordino, a fourth grade teacher at the school, testified that she witnessed D.W. yelling and causing a commotion in the cafeteria. She then saw appellant attempt to guide D.W. out of the cafeteria. She testified that D.W. continued to yell as appellant escorted him to the teachers' lounge. Bordino did not see appellant push or shove D.W. into a refrigerator, but she was apparently not inside the teachers' lounge at the time. Delesheema Bonner is another teacher at the school. While inside the teachers' lounge, she looked into the hallway and saw D.W. on the ground yelling at appellant. She also did not testify, for example, that she saw appellant ever shove D.W. – or push him into a refrigerator in the teachers' lounge.

Importantly, not even D.W. testified that appellant pushed him into a refrigerator in the teachers' lounge (although he did allege that appellant had punched him). Nevertheless, at the conclusion of appellant's bench trial, the trial judge explicitly found that appellant's alleged action of pushing D.W. into the refrigerator constituted an assault, and, therefore, served as the basis for appellant's conviction for assault and battery. Upon a review of the record, the only possible evidence in support of the circuit court's finding that appellant pushed D.W. into a refrigerator (or a machine) was apparently a prior written statement of witness Paula Francis that was not ever admitted as evidence at trial and is not contained in the record on appeal – and where Francis

testified completely differently on this key issue at trial. "The judgment of the trial court, sitting without a jury, is entitled to the same weight as a jury verdict and will not be disturbed on appeal unless 'plainly wrong or without evidence to support it.'" Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting Code § 8.01-680).

At the conclusion of the trial, the circuit court stated, "I note one of the teachers indicating the pushing into the machine [refrigerator]. *I think that constitutes an assault.* I do find you are guilty as charged in Indictment 01513-15, the assault and battery." (Emphasis added). "Under basic principles of appellate review, we may not go beyond the record developed in the trial court." Boyd v. County of Henrico, 42 Va. App. 495, 505 n.4, 592 S.E.2d 768, 773 n.4 (2004). Because the circuit court based its finding of guilt upon a factual conclusion that was contrary to the evidence admitted at trial – and is simply not supported by the record on appeal, we find that the circuit court's judgment was plainly wrong.

CONCLUSION

In summary, the circuit court explicitly based its finding of appellant's guilt of assault and battery upon statements allegedly made by teacher Paula Francis that were never admitted at trial – and which were actually contradicted by the teacher's actual testimony at trial. Therefore, the circuit court's finding of fact that appellant pushed D.W. into a refrigerator – on which it explicitly relied in finding appellant guilty of assault and battery – was plainly wrong. For these reasons, we reverse and dismiss appellant's conviction for assault and battery under Code § 18.2-57.

Reversed and dismissed.

- 4 -