COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Raphael and Callins

SCOTT EDWARD PEASE

v.      Record No. 0300-23-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
OCTOBER 31, 2023

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

(J. Barry McCracken, Assistant Public Defender, on brief), for
appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Jason D. Reed, Assistant
Attorney General, on brief), for appellee. Appellee submitting on
brief.

Scott Edward Pease appeals his two misdemeanor convictions for violating a protective

order under Code § 16.1-253.2. He argues that the evidence failed to establish that he knew the

protective order existed or that he violated the order. Finding no error, we affirm the judgment of

the trial court. The parties waived oral argument in this case. Code § 17.1-403(ii).

BACKGROUND

"Under well-settled principles of appellate review, we consider the evidence presented at

trial in the light most favorable to the Commonwealth, the prevailing party below." *Vay v.

Commonwealth*, 67 Va. App. 236, 242 (2017) (quoting *Smallwood v. Commonwealth*, 278 Va.

625, 629 (2009)). "This principle requires us to 'discard the evidence of the accused in conflict

with that of the Commonwealth, and regard as true all the credible evidence favorable to the

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

Commonwealth and all fair inferences to be drawn therefrom.'" *Id.* (quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)).

On April 8, 2021, the Norfolk Juvenile and Domestic Relations District Court awarded Monica Harrison a preliminary protective order against her estranged husband, Pease, with a return hearing set for April 22, 2021. The protective order indicated that at 8:45 a.m. on April 9, 2021, Norfolk police personally served Pease with the order. At 9:25 a.m. the same day, Harrison received a text message from the phone number 757-***-****: "Extended Stay America 1915 commerce Dr Hampton. By the way how was the wedding[.]" She received a second text at 9:38 a.m. from the same number: "What's up Monica you having a bad day yet[.]" Harrison had initially planned to stay at an Extended Stay America that day, but the hotel was fully booked. She also had planned to attend a wedding, though she ultimately did not go.

On April 15, 2021, Harrison received a message from Pease's sister's Facebook Messenger that contained five separate videos of Pease speaking directly into the camera and complaining of Harrison's on-going divorce efforts, addressing Harrison as "you." In one video, Pease mentioned the protective order specifically, stating "I don't want to go to court on the twenty-second. I just want the order to be dropped."

On April 19, 2021, Harrison received five audio messages from the phone number 757-***-****. The messages addressed Harrison directly, referring to her as "you," and complaining about Harrison's on-going divorce efforts. Recognizing his voice, Harrison identified Pease as the speaker in the messages. On the same day, she received two text messages, both from the same phone number that sent the audio messages. The first text message stated, "We could do this the rite way with the girls we are there only hope to a good life[.]" The second message stated,

> if you were willing to go to your dad's I would get a camper out there
> for the girls to sleep in get you a shed to put your storage items in a
> new computer to start all your stuff on I got [our son]'s got your tablet

I think [our son]'s got your tablet or is that the house still and you can start over there[.]

Harrison discontinued the telephone number Pease had before their separation. She testified that the content of the messages made it clear to her that Pease, and no one else, used the 757-***-**** number to contact her.

At trial, Pease testified that he made the TikTok videos as a form of "therapy" and that he had no intention of communicating directly with or sending those videos to Harrison. However, he admitted that he addressed her directly in the videos. Pease testified that he sent the videos only to his family members. He admitted to sending Harrison some messages before the protective order was in place, but denied sending her anything after the date the police served the order.

A jury convicted Pease of violating the protective order on April 9, 2021, and between April 15 and April 19, 2021. After hearing argument, the trial court sentenced Pease to 24 months of incarceration. Before the trial court entered the order, Pease filed a motion to vacate the convictions, arguing that the evidence failed to establish that Pease knew of the protective order or that he sent the messages. The trial court denied Pease's motion and entered the sentencing order. This appeal follows.

ANALYSIS

Pease argues that the evidence failed to prove that he knew the protective order existed or that he sent the messages to Harrison. We disagree.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204,

228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

"The fact finder, who has the opportunity to see and hear the witnesses, has the *sole* responsibility to determine their credibility, the weight to be given their testimony, and the inferences to be drawn from proven facts." *Commonwealth v. McNeal*, 282 Va. 16, 22 (2011) (quoting *Commonwealth v. Taylor*, 256 Va. 514, 518 (1998)). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Brown v. Commonwealth*, 75 Va. App. 388, 414 (2022) (quoting *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998)).

"Circumstantial evidence [presented during the course of the trial] is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." *Chambliss v. Commonwealth*, 62 Va. App. 459, 465 (2013) (alteration in original) (quoting *Salcedo v. Commonwealth*, 58 Va. App. 525, 535 (2011)). "And '[w]hile no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances . . . may lead a reasonable mind irresistibly to a conclusion.'" *Edwards v. Commonwealth*, 68 Va. App. 284, 297 (2017) (alterations in original) (quoting *Muhammad v. Commonwealth*, 269 Va. 451, 479 (2005)).

The jury, as factfinder, was entitled to conclude that Pease was personally served with the protective order on April 9, 2021, at 8:45 a.m. This conclusion is supported by the service return

documented on the protective order.  Less than an hour later, Harrison received two text messages from the 757-***-**** number.  The first message referenced both a location and an event where Harrison had planned to be that day.  The second message referred to her by name and asked if she was having a "bad day."  The jury could infer that the sender knew of Harrison's planned location and activity, and then mocked her about having a "bad day."

Pease recorded five videos where he addressed Harrison as "you" and directly challenged the protective order.  He said that he wanted the protective order dropped and that he did not want to attend the upcoming hearing.  Harrison received the videos on April 15, 2021, through the Facebook Messenger account of Pease's sister.

The same phone number used to contact Harrison on April 9, 2021, was again used on April 19, 2021, to send Harrison voice messages.  In the messages, the speaker addressed Harrison directly.  Because she was familiar with her husband's voice, Harrison was able to identify Pease as the speaker.  The jury had the opportunity to compare the speaker's voice in the recordings to Pease speaking during his testimony at trial and in the Facebook Messenger videos.  Subsequent text messages from the same phone number reference possible family arrangements involving Harrison, the sender, and Harrison and Pease's child.

The direct and circumstantial evidence admitted is sufficient to support the conclusion beyond a reasonable doubt that Pease knew of the protective order against him and that he intentionally violated it, both on April 9, 2021, and on April 19, 2021, by contacting Harrison.[1]  Thus, Pease's two convictions for violating a protective order were supported by the evidence, and we do not disturb the judgment.

---

[1] In seeking the "best and narrowest ground" to decide cases, we need not determine if the videos from Pease's sister's Facebook messenger account constituted sufficient evidence of a protective order violation.  *Foltz v. Commonwealth*, 58 Va. App. 107, 114 (2011).  The evidence that Pease consistently used the same phone number to contact Harrison on April 9, 2021, and April 19, 2021, is sufficient to affirm the judgment.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*